IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01320-PAB-KMT

OLIVIA BALLAGE,

  Plaintiff,

v.

HOPE & HOME,

  Defendant.

---

## DEFENDANT'S PARTIAL MOTION TO DISMISS

---

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Hope & Home moves to dismiss the sex discrimination and race discrimination claims in Plaintiff Oliva Ballage's Employment Discrimination Complaint (the "Complaint"). The Court should dismiss Plaintiff's sex and race discrimination claims on several bases. First, Plaintiff asserts these claims, at least in part, on behalf of *others*, not on behalf of *herself*. Second, with respect to Plaintiff's sex discrimination claim, she does not allege sufficient facts to support a claim of a hostile work environment, nor the higher bar of a constructive discharge. Finally, Plaintiff's lone fact in her race discrimination claim concerning *her*, not others, is an isolated stray remark that does not amount to a hostile work environment, much less amount to a constructive discharge.

For these reasons, discussed more fully below, Plaintiff's sex discrimination claim and race discrimination claim must be dismissed for failure to state a claim.[1]

---

[1] It is Defendant's understanding that no conferral is necessary under D.C.COLO.LCivR 7.1(A) prior to filing this motion.

53921773.1

**BACKGROUND**

Plaintiff filed her *pro se* Complaint in the United States District Court for the District of Colorado on May 13, 2021. Doc. No. 1. Plaintiff's Complaint presents four claims for relief. *Id*. The first claim is for sex discrimination. *Id*. at 3-4. In particular, Plaintiff alleges that Defendant discriminated[2] against her in violation of Title VII by creating a hostile work environment through the following conduct: (1) withholding paychecks after she returned from maternity leave; (2) Ross Wright[3] staring at "our"[4] breasts while talking to "us"; (3) Mr. Wright looking "us" up and down in a sexual manner; and (4) Mr. Wright making inappropriate comments about "our physical appearance." *Id*. Plaintiff further alleges that such conduct caused her to be constructively discharged on July 12, 2019. *Id*.

In Plaintiff's second claim of race discrimination[5] in violation of Title VII, she alleges that Defendant created a hostile work environment through the following conduct: (1) failing to hire a person of color over a white candidate; (2) demanding the termination of a person of color;

---

[2] Confusingly, in Plaintiff's "Statement of Claim(s)" of her sex discrimination claim, she alleges that she was "retaliated against based on sex." *Id*. at 3. However, Plaintiff does not allege that she engaged in any protected activity. Thus, to the extent she intends to assert a retaliation claim, it must be dismissed for failure to state a claim. *Johnson v. Weld Cty., Colo.,* 594 F.3d 1202, 1215, 1219 (10th Cir. 2010) (explaining that, to establish a *prima facie* case of retaliation a plaintiff must prove (1) she engaged in protected activity; (2) her employer took an action that a reasonable employee would have found materially adverse; and (3) a causal connection between the protected activity and the adverse action). Here, Plaintiff has not asserted that she engaged in any protected activity.

[3] It is not entirely clear who Plaintiff alleges was staring at "our" breasts, but she seems to suggest a Mr. Ross Wright. *See id*. at 3-4.

[4] Plaintiff does not identify any other employee who was allegedly stared at.

[5] Again, Plaintiff alleged that she was subject to "retaliation based on race" but has not asserted that she engaged in any protected conduct. Thus, to the extent Plaintiff intends to assert a retaliation claim, it must be dismissed for failure to state a claim.

53921773.1

(3) terminating the employee who refused to fire the person of color that Defendant demanded be terminated; and (4) claiming that Plaintiff would "play that card" when she asked to work from home while on maternity leave. *Id.* at 4-5. Plaintiff further alleges that such conduct amounted to a constructive discharge on July 12, 2019. *Id.*

## LEGAL STANDARD

A district court may dismiss a *pro se* complaint under Rule 12(b)(6) for failure to state a claim. *See e.g., Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992). When considering a dismissal pursuant to Rule 12(b)(6), the "court accepts as true all well-pleaded factual allegations in [the] complaint and views those allegations in the light most favorable to the plaintiff." *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018). To avoid dismissal, a pleading must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019) (citation omitted). To meet this standard, a plaintiff must have alleged sufficient facts to support each element of the particular claims she seeks to bring. *See e.g., Estes v. Vilsack,* No. 11-cv-03109, 2012 WL 4466549, at *3 (D. Colo. 2012) ("[E]ven though modern rules of pleading are somewhat forgiving, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.")

Defendant recognizes Plaintiff is proceeding *pro se* and, as such, the Court must construe her pleadings liberally. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).

Plaintiff's *pro se* status, however, does not entitle her to the application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). *Cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[T]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."). Like represented parties, *pro se* plaintiffs may not rely on conclusory and unsubstantiated allegations. *Id.* Indeed, "a *pro se* plaintiff requires no special legal training to recount the facts surrounding h[er] alleged injury, and [s]he must provide such facts if the court is to determine whether [s]he makes out a claim on which relief can be granted." *Id.* Thus, dismissal of a *pro se* complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts she has alleged. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

## ARGUMENT

### A.  Plaintiff's Sex and Race Discrimination Claims Fail to the Extent Plaintiff Asserts them on Behalf of Others.

Plaintiff's sex and race discrimination claims must be dismissed to the extent Plaintiff does not assert them on her own behalf. First, under Title VII, to state a *prima facie* claim of hostile work environment, Plaintiff must show: (1) **she** is a member of a protected group; (2) **she** was subject to unwelcome harassment; (3) the harassment was based on **her** membership in the protected group; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of **her** employment and created an abusive working environment. *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015). Here, Plaintiff predominately complains about issues concerning *other employees*, not her.[6] Plaintiff cannot assert claims on

---

[6] Title VII provides that "a civil action may be brought…by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1). Plaintiff unquestionably is not the "aggrieved" party in many of her allegations. For this reason Plaintiff lacks standing to assert claims on behalf of others.

behalf of other employees (as this is not a representative action).[7] Thus, Plaintiff's sex discrimination claim must be dismissed to the extent it concerns Defendant withholding *other employees'* paychecks after maternity leave, Mr. Wright staring at *other employees*, looking at *other employees*, and making inappropriate comments towards *other employees*.[8] Plaintiff's race discrimination claim must be dismissed to the extent it involves the failure to hire *another* person of color (not Plaintiff), the demand to terminate *another* person of color (not Plaintiff), and the termination of *another* person (not Plaintiff) who declined to terminate the aforementioned person of color.

**B.**  **Plaintiff's Sex Discrimination Claim Must be Dismissed as it Does not Allege Sufficiently Severe or Pervasive Conduct, or Conduct that Would Make Working Conditions Intolerable.**

To the extent Plaintiff's sex discrimination claim involves actions taken *against her or which impacted her work environment*, such allegations are insufficient as a matter of law to establish a hostile work environment. As discussed above, in order to establish a hostile work environment based on sex, Plaintiff must show that (1) she was discriminated against because of

---

[7] The Tenth Circuit has unequivocally stated that, while Title VII does provide a method of proving "pattern or practice" discrimination involving alleged discriminatory or retaliatory conduct targeted at multiple or a class of individuals, such method of proof is reserved for government actions or class actions: "[T]he pattern-or-practice method should be reserved for government actions or plaintiffs in class actions to establish the presence of a discriminatory policy, rather than to prove an individual claim….[I]ndiviudal plaintiffs may not utilize the pattern or practice method of proof in Title VII suits." *Semsroth v. City of Wichita*, 304 Fed. Appx. 707, 716-717 (10th Cir. 2008).

[8] This is not to say that such evidence, to the extent it exists (which Defendant denies) may not be relevant to whether Plaintiff was subjected to a hostile work environment, but it is to say that such allegations cannot form the basis of Plaintiff's individual claims for relief to the extent she attempts to assert such claims *on behalf of others*.

53921773.1

her sex and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment. *Delsa Brooke Sanderson v. Wyoming Highway Patrol*, 976 F.3d 1164, 1174 (10th Cir. 2020).

Here, Plaintiff alleges, at most, that her paychecks were withheld from her and others following returns from maternity leave, a Mr. Wright stared at her and other employees' breasts, looked her and other employees up and down, and made comments about her and other employees' looks. Notably, Plaintiff offers no allegations concerning the frequency of such conduct or the details of the alleged comments. However, such conduct, none of which is physically threatening, in the aggregate, is not sufficient to establish a hostile work environment. For example, in *Ballou v. University of Kansas Medical Ctr.,* 871 F.Supp. 1384 (D.Kan. 1994), the Court held that the conduct of a supervisor, including making advances towards plaintiff which were rejected, calling her, asking to kiss her, walking by her desk 30–40 times a day, waiting for her to arrive for work and following her into the office, repeatedly staring at her and sitting on her desk and leaning close to her, was merely offensive conduct and not sufficiently severe or pervasive to establish a hostile work environment as a matter of law. Here, the conduct Plaintiff alleges is substantially less offensive than that alleged in *Ballou. See also Oliver v. Peter Kiewit & Sons/Guernsey Stone*, 106 F. App'x 672, 674 (10th Cir. 2004) (affirming dismissal of sexual harassment claim where plaintiff alleged that her male co-workers and supervisors used offensive language and made graphic jokes in her presence); *Schofield v. Maverik Country Store*, 26 F. Supp. 3d 1147 (D. Utah 2014) (finding that alleged comments of supervisor were not sufficiently severe or pervasive to amount to hostile work environment where supervisor allegedly referred to employee as "white trash," told employee to move her "fat ass," referred to other female employees as "hag" and "slut," said "it

53921773.1

smells like fish" when he had to get down on floor next to a female employee, and used terms "ho," "kitchen bitches," and "lesbo").

Further, a hostile work environment claim is a "lesser included component" of the "*graver* claim of [] constructive discharge." *Green v. Brennan*, 578 U.S. 547 (2016). Thus, "[c]reation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 149 (2004); *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 961 (10th Cir. 2012) (a "hostile-environment constructive discharge claims entails something more [than conduct that amounts to actionable harassment]"). A plaintiff who advances such a compound claim must show working conditions so intolerable that a reasonable person would have felt compelled to resign." *Id*. In sum, to state a claim of constructive discharge, "[t]he bar is quite high." *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1221 (10th Cir. 2002).

Here, Plaintiff's allegations do not rise to the level of a hostile work environment, much less the "graver" claim of constructive discharge. *See, e.g. Block v. Kwal-Howells, Inc.*, 92 F. App'x 657 (10th Cir. 2004) (holding that a female employee who resigned after denial of her request for pay equal to that of a male co-worker was not constructively discharged in violation of Title VII, reasoning that the alleged comments, jokes, and inappropriate language in the workplace were not so intolerable that a reasonable person would have been forced to resign); *Hill v. Phillips 66 Co.*, No. 14-CV-102-JED-FHM, 2016 WL 3910272, at *16 (N.D. Okla. July 13, 2016) ("noting that "the Tenth Circuit has found that sexually explicit and derogatory gender-based comments made repeatedly by supervisors to a Title VII plaintiff and other employees does not objectively show that plaintiff had no other choice but to resign and holding that "even [plaintiff's

supervisor's] degrading comments about women generally, which were not directed at plaintiff, cannot overcome plaintiff's high burden to establish constructive discharge under an objective standard.").

**C.      Plaintiff's Race Discrimination Claim Must be Dismissed as it Does not Allege Sufficiently Severe or Pervasive Conduct, or Conduct that Would Make Working Conditions Intolerable.**

The only conduct Plaintiff alleges occurred *to her* due to her race was a single isolated remark that she would "play that card."  She also appears to allege general awareness of three incidents directed at other persons of color – namely, failure to hire, a demand to terminate, and a termination of another person of color. The law is clear that the conduct alleged by Plaintiff does not create a hostile work environment, much less the graver claim of constructive discharge. Indeed, in *Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994), the Tenth Circuit stated that to show a hostile work environment, "[t]he plaintiff must show more than a few isolated incidents of racial enmity." (internal quotations omitted).  Instead, to show a hostile work environment, "there must be a steady barrage of opprobrious racial comments." *Chavez v. New Mexico,* 397 F.3d 826, 832 (10th Cir. 2005).

Here, Plaintiff has pointed to nothing more than a few isolated incidents, the majority of which were not directed at her. In essence, she alleges a single remark made towards her and mere knowledge of conduct directed at others. Such conduct is insufficient as a matter of law to establish a hostile work environment or to show a constructive discharge. *See, e.g., Woesler v. Utah Valley Univ.*, 725 F. App'x 610 (10th Cir. 2018) (finding that a professor who taught Chinese failed to show that his workplace was permeated with discriminatory intimidation sufficiently severe or pervasive to alter conditions of his employment, as required to support

his hostile work environment Title VII race discrimination claim, where the professor identified only a single remark by a colleague, indicating a "white guy" should not teach Chinese); *see also Vasquez v. Cty. of Los Angeles,* 349 F.3d 634, 642–43 (9th Cir.2004) (upholding summary judgment for the defendant on a hostile-work-environment claim, concluding that two statements—that the plaintiff had "a typical Hispanic macho attitude" and "Hispanics do good in the field"—were not severe or pervasive); *Hill v. Phillips 66 Co.*, No. 14-CV-102-JED-FHM, 2016 WL 3910272, at *16 (N.D. Okla. July 13, 2016) ("[E]ven Hoff's degrading comments about women generally, which were not directed at plaintiff, cannot overcome plaintiff's high burden to establish constructive discharge under an objective standard.").

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests this Court dismiss Plaintiff's first and second claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED this 20th day of October, 2021.

Respectfully submitted,

*s/ Raymond M. Deeny*
Raymond M. Deeny
Amy C. Knapp
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (719) 448-4016
Fax: (719) 635-4576
rdeeny@shermanhoward.com
aknapp@shermanhoward.com

Attorneys for Defendant

9

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on this 20th day of October, 2021, I electronically filed the foregoing **DEFENDANT'S PARTIAL MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system and sent a true and correct copy of same to Plaintiff via e-mail and in the United States first class mail, postage prepaid, addressed to:

Olivia Ballage
4462 Continental Heights, Apt. #311
Colorado Springs, CO  80924
E-mail:  oballage@gmail.com

_s/ Mary Navrides_
Practice Assistant

53921773.1